is our fifth case for argument this morning. Mr. Stephens. May it please the court, Eric Solano testified at the hearing that he did not know that his direct appeal was not pending until he received the docket from the district court in response to his inquiry about the status of his case. The district court says in its opinion that it did not consider his claim that the challenge to the failure to take the appeal was one of the claims that he was making in the course of his 2255 petition and so did not analyze the timeliness of whether he should have discovered the absence of the appeal earlier and I think the way I read the government's brief, Mr. Stephens, I have a foundational problem with your argument. Your assumption seems to be that if after pleading guilty and including in the plea a written waiver of right to appeal, the defendant tells his lawyer, I want to appeal anyway, the lawyer must appeal. Is that the basis of your current position? That's the way I read your case. There is a problem with that. We've held otherwise. The case is Nunez against the United States. It's in 546 Fed Third 450. We expressly rejected that contention. There's a conflict among the circuits. We're on one side. Some circuits are on the other. Your brief relies on the circuits that are on the other side. True. But in this circuit, Nunez is the rule. And without that foundation, is there anything to this petition? I'm asking you on the basis of the Supreme Court's decisions to go with the other circuits. Your brief does not ask us to overrule Nunez. It doesn't acknowledge Nunez. And as I said to Mr. Block in the last case, asking us to overrule an oral argument without having briefed the issue is too little, too late. If the failure to file a notice of appeal is not structural error in this case, you don't have an argument on 2255, you don't have a 2255 argument, regardless of timeliness, correct? No, it's based solely on his claim that the failure to file the notice of appeal was the man. We said in Nunez that it might be possible to make arguments based on limits in the waiver. I've looked at the waiver, and it seems to be completely unconditional. It waives everything you can imagine, including arguments about ineffective assistance of counsel. It's the most comprehensive waiver I've seen in my life. Is there any argument that would be possible under Nunez? Well, I think it would get back to what's the scope of ineffective assistance of counsel, and is that ultimately waivable? And certainly the suggestion from the American Bar Association is that it is not, but that's... So you're saying that the waiver is or should be unenforceable? The waiver should be unenforceable because it's too broad. Anything that makes it unenforceable in this circuit's case law? No, I'm sorry, there isn't. I mean, that's... And unfortunately, I was unaware of Nunez. I mean, I would have tried to discuss it if I... Shepherdizing the cases you cite turns up Nunez. Okay. Well, I did run some checks on them, but I missed it. So, I mean, that appears to be the problem. Well, I think I've set out my point in the brief, and I think that the district court did not conduct a should-have-known analysis as to when he should have discovered that the appeal was absent, but if the law here is that the failure to file an appeal even when requested is permitted or is not in effective assistance of counsel, I don't think I have... But that certainly is not the law in many circuits. I think I'm thinking of the Fourth Circuit particularly has reached that other conclusion. That's right. You're right. There's a conflict among the circuits. The Supreme Court has denied certiorari. Why? Well, that's... Even if we reach this, I guess, Mr. Stevens, as I understand the claim here, the defendant, Mr. Solano, is arguing that he lied initially about the amount of marijuana that he'd been involved in transporting. Is that right? Yes. He was exaggerating his involvement, hoping that he could get some benefit from cooperating, exaggerating his involvement so that his information would be more useful. That seems like an odd approach to the problem. But then... But he did this in the plea colloquy as well, right? Didn't he admit to the additional marijuana? Or am I misremembering? No, I think the charge had to do with cocaine and the marijuana had to do with relevant conduct as far as drug quantity. So I don't think it came up until the sentence. Okay. In terms... If we got into all of the timing issues here, that November 1st letter from Mr. Solano to his lawyer that says, among other things, I'll be hiring a good lawyer now, and the report from his father after efforts to do so produced the response, you can't do a thing because of this waiver. Why wasn't that good enough to put him on notice in about December of 2011 that Gammage was not pursuing an appeal on his part? Nobody was talking about the status of the appeal. So I understand that the comment from the lawyer who the father consulted had to do with an analysis of the plea agreement rather than anything about what was or wasn't pending in court. So I think that just... That discussion just ended with, your plea agreement blocks you. I mean, and that gets back to the question of what's the scope of the waiver in a plea? What's the basis for challenging the waiver? What would be the basis for challenging the waiver? It would be that there's ineffective assistance of counsel. What basis? In the plea. I mean, that is, you're arguing that there would be ineffective assistance in the plea, and how is that? Because if he wasn't adequately warned that he would lose the benefit of acceptance of responsibility if he brought back up the issues concerning his exaggeration of the quantity of marijuana in connection with this. In other words, if the risks that his testimony would not be believed were not adequately explained as part of what it meant to say, I accept responsibility in the course of the plea agreement. And so the lawyer, in soliciting the plea agreement, wasn't explaining the full meaning of the requirement that he accept responsibility, and the risks that he would face obstruction or loss of acceptance of responsibility if he deviated from the, if the district judge found against him, and when the risks were attested. Thank you, counsel. Mr. Whelan. Thank you, Your Honor. May it please the court. My name is Nathaniel Whelan. I'm here on behalf of the United States. Judge Easterbrook, we do agree that Nunez governs this case on the merits. We didn't address the merits of the case on our brief because we dealt with the timeliness  That's what the district court dismissed this case pursuant to. You end up saying, well, why don't you remand for further proceedings about timeliness? Sure. What is the point of remanding for further proceedings about timeliness? When the case is dead on arrival under Nunez? The only reason that we requested that remedy is because the district court didn't address the issue. There was also the question as to whether or not Mr. Gammage had been asked to file an appeal. We were respecting the scope of the district court's order. In terms of the timeliness argument, the district court did not err in dismissing the 2255 motion as untimely. Judge Hamilton, I think your questions get to the heart of the matter. It's whether a person acting with reasonable diligence, when they would have discovered no appeal was filed. The district court found that that was February 2012. That still left Mr. Solano two months short of where he needed to be to file a timely motion. He hasn't rebutted that finding. He hasn't shown it was clearly erroneous. And I think it probably was a generous finding in light of the letter to Mr. Gammage, his The problem, I guess, I have with this is that you seem to be saying that the district judge was asking the wrong question and then made these findings. And while the district judge could very well have supported a dismissal on untimeliness grounds, he didn't actually do so very well. Well, Judge, what I think the district court analyzed is when Mr. Solano reasonably should have discovered his appeal was filed. I think he, it's our position that he was asking a different question than this appeal raises. But the analysis was the same. The district court considered when a person acting with reasonable diligence would have discovered the appeal was filed. Was not filed. I'm sorry. Thank you. It was not filed. I apologize. And you didn't make a Nunez argument to the district court. We did make a Nunez argument to the district court. But you did. That's right, Your Honor. The district court didn't address the merits of the ineffective assistance claim. It didn't believe that Mr. Solano had raised this particular ineffective assistance claim, but it also didn't address it, the merits of any of the ineffective assistance claims because it dismissed it on untimeliness. Because of the timeliness issue. That's right. Unless the court has any further questions, we would ask that you affirm the district court's dismissal. Thank you. Thank you. Thank you very much. And Mr. Stevens, the court appreciates your willingness to accept the appointment in this case to the court as well as your client. The case is under advisement.